21-6346
Velasquez-Tomas v. Garland

BIA
Hochul, IJ
A205 940 994

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of June, two thousand twenty-four.

PRESENT:
> MICHAEL H. PARK,
> MYRNA PÉREZ,
> ALISON J. NATHAN,
> > *Circuit Judges.*

_____

JOEL VELASQUEZ-TOMAS,
> *Petitioner,*

v.                                                            **21-6346**
                                                             **NAC**

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:** Jose Perez, Esq., Law Offices of Jose Perez, P.C., Syracuse, NY.

**FOR RESPONDENT:**    Brian Boynton, Principal Deputy Assistant Attorney General; Zoe J. Heller, Senior Litigation Counsel; Craig W. Kuhn, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Petitioner Joel Velasquez-Tomas, a native and citizen of Guatemala, seeks review of a May 11, 2021 decision of the BIA affirming a September 5, 2018 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Joel Velasquez-Tomas*, No. A 205 940 994 (B.I.A. May 11, 2021), *aff'g* No. A 205 940 994 (Immigr. Ct. Buffalo Sept. 5, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we review both the IJ's and BIA's decisions. *See Ming Xia Chen v. BIA*, 435 F.3d 141, 144 (2d Cir. 2006). We review factual findings for substantial evidence and questions of law and application of law to fact de novo. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). "[T]he

2

administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."   8 U.S.C. § 1252(b)(4)(B).

I.   Asylum

We dismiss the petition as to asylum.   To obtain asylum, a noncitizen must "demonstrate[] by clear and convincing evidence that the application has been filed within 1 year after the date of the alien's arrival in the United States."   *Id.* § 1158(a)(2)(B).   An application may be considered outside the deadline "if the alien demonstrates . . . the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application."   *Id.* § 1158(a)(2)(D).   "The applicant shall file an asylum application within a reasonable period given those 'changed circumstances.'"   8 C.F.R. § 1208.4(a)(4)(ii).   Our jurisdiction to review the findings regarding the circumstances excusing untimeliness and whether it was filed within a reasonable period thereafter is limited to "constitutional claims or questions of law."   8 U.S.C. § 1252(a)(2)(D); *see id.* § 1158(a)(3).   For jurisdiction to attach, a question of law must be "colorable."   *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 40–41 (2d Cir. 2007).

Velasquez-Tomas argues that worsening gang violence in Guatemala and gang members' threats against his brother in 2015 constituted changed circumstances that excused his late filing. But the agency considered this argument and determined that even if those events were considered changed circumstances, the two-year delay between them and filing the application was not reasonable. Because Velasquez-Tomas does not challenge this determination in his brief, we dismiss the petition as to asylum.

II.     Withholding of Removal

We deny the petition as to withholding of removal. "[T]he Attorney General may not remove an alien to a country if the Attorney General decides that the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). The applicant has the burden to establish either past persecution or that he "more likely than not" will be persecuted, 8 C.F.R. § 1208.16(b)(1), (2), and that a protected ground was or will be "one central reason" for the persecution, 8 U.S.C. § 1158(b)(1)(B)(i); *see Quituizaca v. Garland*, 52 F.4th 103, 109–14 (2d Cir. 2022) (deferring to the BIA's application of

4

the "one central reason" standard from the asylum context to withholding of removal).

Velasquez-Tomas claimed a fear of persecution by gang members based on his membership in a particular social group of "young Guatemalan men who fear gang retaliation due to family members' refusal to traffic drugs for them." Certified Administrative Record at 132. Substantial evidence supports the agency's determination that he failed to establish a nexus between his feared harm and his membership in a particular social group. "Whether the requisite nexus exists depends on the views and motives of the persecutor," and cannot be established by "individuals threatened only because they live in a country with pervasive criminality." *Paloka v. Holder*, 762 F.3d 191, 196–98 (2d Cir. 2014) (quotations omitted); *see Edimo-Doualla v. Gonzales*, 464 F.3d 276, 282 (2d Cir. 2006) (reviewing nexus determination for substantial evidence).

Velasquez-Tomas's fear stemmed from an encounter between his brother and gang members in Guatemala, in which the gang members told his brother to join them, demanded money, and threatened to beat him when he declined. His brother testified that the gang targeted him because they wanted money and would likely target Velasquez-Tomas for the same reason. Velasquez-Tomas's

withholding claim fails because substantial evidence supports the determination that the gang members' motivation was merely enrichment and expanding their criminal enterprise. *See Melgar de Torres v. Reno*, 191 F.3d 307, 314 (2d Cir. 1999) (explaining that "general crime conditions are not a stated ground" for persecution); *see also Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 74 (2d Cir. 2007) (denying petition where "the petitioner[] cited no evidence in the record . . . that the individual or individuals who threatened [him] had any motive other than increasing their own wealth") (internal quotations omitted).

III.    CAT Relief

We deny the petition as to CAT relief. "The burden of proof is on the applicant . . . to establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). "Torture is defined as any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person . . . by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity." *Id.* § 1208.18(a)(1). "A *private* actor's behavior can constitute torture under the CAT without a government's specific intent to inflict it if a government official is aware of the persecutor's

6

conduct and intent and acquiesces in violation of the official's duty to intervene." *Pierre v. Gonzales*, 502 F.3d 109, 118 (2d Cir. 2007).

Substantial evidence supports the agency's conclusion that Velasquez-Tomas failed to show he would more likely than not be tortured by or with the acquiescence of government officials. Neither Velasquez-Tomas nor his brother was tortured in the past and neither attempted to notify Guatemalan authorities of any threats. *See* 8 C.F.R. § 1208.16(c)(3) (listing past torture as a factor to consider in determining the likelihood of future torture). And no "particularized evidence" establishes that someone like Velasquez-Tomas would "more likely than not" be tortured, or that the government would acquiesce to such torture. *Mu Xiang Lin v. U.S. Dep't of Just.*, 432 F.3d 156, 159-61 (2d Cir. 2005) (denying CAT claim that lacked "particularized evidence" and was "based *solely* on the fact that [petitioner] is part of [a] large class of persons" within which there have been "several documented instances" of torture); *see also Quintanilla-Mejia v. Garland*, 3 F.4th 569, 593 (2d Cir. 2021) (explaining that evidence of corruption or difficulty combatting gang violence does not necessarily compel a conclusion that public officials would acquiesce to torture).

For the foregoing reasons, the petition for review is DISMISSED in part as to asylum and DENIED in remaining part. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court